

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 6 2007

JAMES W. McCORMACK, CLI
By:_____
 DEP C

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF ARKANSAS
Little Rock Division

Catherine L. Taylor,

                    Plaintiff,

Versus                           Civil Action No. **4. 07 · C V 0 0 0 0 0 88 0WRW**

The Source For PublicData, LP d/b/a
PublicData.com and
IntelliCorp Records, Inc.,                JURY DEMANDED
                    Defendants.

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Deere_

## COMPLAINT AND DEMAND FOR JURY TRIAL

        NOW INTO COURT, through undersigned counsel, comes Catherine L. Taylor, Plaintiff

in the above entitled and captioned matter, who respectfully prays for Judgment of this

Honorable Court against Defendants, The Source For PublicData, LP d/b/a PublicData.com and

IntelliCorp Records, Inc., jointly, severally and in solido to the maximum possible extent, as set

forth in the following complaint, as follows:

### PLAINTIFF

1.

        Plaintiff, CATHERINE L. TAYLOR, is a major domiciliary of Benton, Saline County,

Arkansas, and a victim of false credit reportings by defendants.

### DEFENDANTS

2.

        Made Defendants herein are:

[a]      The Source For PublicData, LP d/b/a PublicData.com, which may also hereinafter be

        referred to as "PublicData.com," a foreign Limited Partnership believed to not be

authorized to do but doing business in the State of Arkansas, which can be served with

summons and complaint through its President/CEO, believed to be located at: 7750 N

MacArthur Blvd, Suites 120-290, Irving, Texas 75063;

[b]    IntelliCorp Records, Inc., which may also hereinafter be referred to as "Intellicorp," a

foreign corporation believed to be authorized to do and doing business in the State of

Arkansas, which can be served with summons and complaint through its President/CEO,

believed to be located at 3000 Auburn Drive, Suite 410, Beachwood, OH 44122.

## JURISDICTION OF THE COURT and VENUE

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises

under federal law. 28 U.S.C. 1331.  Further, the matter in controversy exceeds $75,000.00,

exclusive of costs and interest and the parties to these proceedings are citizens of different states.

28 U.S.C. 1332.  Plaintiff also asserts actions under states' laws which may be brought within the

supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable

Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367.  Venue is proper in

this District as the Defendants reside in this judicial district. 28 U.S.C. 1391(b),(c).

## REQUEST FOR TRIAL BY JURY

4.

Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.

Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of

facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the Fair Credit Reporting Act and/or states' laws, including Arkansas.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

### 6.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## GENERAL FACTUAL BASIS

### 7.

In August, 2007, Plaintiff applied for a volunteer position with the Girl Scouts of Ouachita Council.

### 8.

The Girl Scouts of Ouachita Council advised plaintiff that a background check was required including a criminal records check to see if any such records existed.

### 9.

Plaintiff consented to the investigation and knew that she had no criminal record or other adverse record which would impede obtaining the position.

### 10.

In late August, 2007, the Girl Scouts of Ouachita Council requested consumer reports regarding plaintiff from defendants.

### 11.

The defendants are consumer reporting agencies, advertising nationwide, that the

defendants specialize in background screening and criminal records reports.

12.

In turn, the consumer regarding plaintiff were compiled and each defendant, separately published a consumer report to Girl Scouts of Ouachita Council, which is located in North Little Rock, Arkansas.

13.

Defendants knew that plaintiff as the subject of the inquiry by the Girl Scouts of Ouachita Council, of North Little Rock, Arkansas, because the Girl Scouts of Ouachita Council provided defendants the personal identifiers of plaintiff, including her name, address, date of birth, social security number, and other identification data required for their report compilation and preparation.

14.

The consumer reports prepared and published by each of the defendants to the Girl Scouts of Ouachita Council were chock full of false criminal records data and defendants attributed those criminal records to plaintiff.

15.

In the inaccurate consumer reports published by defendants, defendants claimed that plaintiff had been convicted of multiple crimes, primarily felonies, and that plaintiff was allegedly a registered convicted sex offender.

16.

None of the alleged crimes listed any Arkansas police agency or court system.

17.

The inaccurate consumer report alleged that plaintiff had been repeatedly found guilty of

the aforementioned crimes.

18.

The Girl Scouts of Ouachita Council, of North Little Rock, Arkansas, denied plaintiff volunteer status based solely on the inaccurate consumer reports prepared and published by defendants.

19.

Plaintiff's consumer report data files have persisted in containing the false and contested data and as defendants prepare and publish reports about plaintiff, those reports continue to contain the false and defamatory criminal record items.

20.

Plaintiff suffered adverse action and damages due to defendants' violations of the FCRA and state laws.

21.

Defendants are consumer reporting agencies as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

22.

Defendants prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

23.

Defendants allow their credit reporting databases, which take in, warehouse, maintain and manipulate data which they compile and receive from other furnishers, to be accessed by their respective resellers and subscribers.

24.

Various resellers and other subscribers have access to consumer reports, from the same data pools, in the same respective databases, and defendants have duties to each consumer, including plaintiff, about whom they chose to report, as provided in the Fair Credit Reporting Act.

25.

Defendants failed to properly investigate or reinvestigate the false information they compiled and reported about plaintiff and continue to prepare and issue false consumer reports.

26.

Defendants chose to continue to prepare and publish false consumer reports about plaintiff.

27.

Defendants utilize a defective database system which fails to compile, and use for comparative purposes, adequate personal identification data in connection with public records and other information compiled by defendants.

28.

Defendants utilize a defective database system which maintains data with inadequate identifiers for comparative purposes, in connection with public records and other information compiled by defendants.

29.

Defendants utilize a defective database system which fails to require in the inquiry format, and for use in comparative processes, adequate personal identification data in connection with searches for public record data and other information compiled by defendants which are, in

turn, used to compile consumer reports.

30.

Defendants utilize a defective database system which fails to require, in the search algorithm and for use in comparative processes, adequate personal identification data in connection with searches for public record data and other information compiled by defendants which are, in turn, used to compile consumer reports.

30.

Defendants utilize a defective database system which fails to require, in the search algorithm and for use in comparative processes, adequate points of correspondence between identifiers posted in connection with individual items of data and individual data files, in connection with searches for public record data and other information compiled by defendants which are, in turn, used to compile consumer reports.

31.

Defendants failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare such reports.

32.

Defendants failed to adopt and follow reasonable procedures to assure the proper investigation, reinvestigation, accuracy, deletion and/or suppression of false data appearing on consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

33.

Defendants have continually added, stored, maintained and disseminated personal and

public records information, in consumer reports it prepared and issued, about the Plaintiff which

was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such

information was inaccurate.

34.

Defendants, through their fault, as described herein, caused great and irreparable injury to

Plaintiff herein.

35.

Defendants have wilfully violation the Fair Credit Reporting Act, as described herein.

36.

Alternatively and only in the event either or both defendants are determined not to have

willfully violated the Fair Credit Reporting Act in any respect, then plaintiff asserts that such

violations by Defendant[s] were negligent violations of the Fair Credit Reporting Act, as

described herein.

37.

Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for

punitive/exemplary damages under common law, state[s'] laws and/or for willful violation(s) of

the provisions of the Fair Credit Reporting Act.

38.

Further, by violating the FCRA and using unreasonable procedures for data accuracy,

defendants likewise breached their contractual duties under which plaintiff is a third party

beneficiary of the contracts between Girl Scouts of Ouachita Council [or their parent entity] and

each of the defendants.

# C O U N T S

## COUNT 1 - NEGLIGENCE - ALL DEFENDANTS

### 39.

Defendants owed duties of reasonable care to plaintiff.

### 40.

Defendants failed to exercise reasonable care and prudence in formulating a proper data matching program, the reporting the disputed public records items, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

## COUNT 2 - DEFAMATION - ALL DEFENDANTS

### 41.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

### 42.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

### 43.

Alternatively, defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - INVASION OF PRIVACY - ALL DEFENDANTS

44.

Defendants have invaded plaintiff's privacy.

45.

Alternatively, defendants have, with willful intent to injure and/or maliciously, invaded

Plaintiff's privacy.

## COUNT 4 - FAIR CREDIT REPORTING ACT, 1681e[b] - ALL DEFENDANTS

46.

Defendants failed to adopt and follow "reasonable procedures" to assure the maximum

possible accuracy of Plaintiff's consumer credit and other personal information, as required by

the Fair Credit Reporting Act, which it compiled, used and manipulated, in order to prepare

consumer reports.

47.

Defendants have continually added, stored, maintained and disseminated personal and

credit information, in consumer reports it prepared and issued, about the Plaintiff which was

inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information

was inaccurate.

48.

Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting

Act, 15 U.S.C. 1681e[b].

49.

Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting

Act, 15 U.S.C. 1681k.

## COUNT 5 - PRODUCTS LIABILITY - ALL DEFENDANTS

50.

Defendants have designed and constructed a defective data compilation, maintenance, search, data/inquiry comparison system, and consumer report preparation system, made up of computer hardware and software components.

51.

Plaintiff has been injured by the defective products generated by defendants and has suffered economic and non-economic damages as a result.

52.

Defendants' respective systems and products, in the form of data reports, are defective in design, composition and fail to contain an adequate warning as to the defective nature of the content and function of those reports.

53.

Plaintiff was injured as a result of the reasonable anticipated use, by a third party, of the defective consumer reports created and published by the respective defendants.

54.

Plaintiff is a consumer and defendants should be deemed manufacturers of defective products.

55.

The respective defective reports created by defendants caused plaintiff's damages.

## COUNT 6 - FAIR CREDIT REPORTING ACT, 1681k - ALL DEFENDANTS

56.

Defendants compiled, prepared and published a consumer report for employment

purposes which contained public record information and was attributed to plaintiff.

57.

In connection therewith, defendants failed in their duties under section 1681k by failing to, "at the time such public record information was reported to the user [the Girl Scouts of Ouachita Council] of such consumer report[s], notify the consumer [plaintiff] of the fact that public record information is being reported by the consumer reporting agencies, together with the name and address of the person to whom such information is being reported."

58.

Defendants failed in their duties under section 1681k by failing to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's [plaintiff's] ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported."

59.

Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681k.

## COUNT 7 - THIRD PARTY BENEFICIARY - BREACH OF CONTRACT - ALL DEFENDANTS

60.

The defendants maintained contracts with Girl Scouts of Ouachita Council and other third party users and consumer report inquirers.

61.

Defendants agreed to provide consumer reports in compliance with the Fair Credit Reporting Act and expressed that their respective reports were accurate and could and should be relied upon in evaluating applicants.

62.

Defendants breached its various and multiple agreements and contracts with their various subscribers by reporting false information about plaintiff which was not accurate and could not be reasonably matched to plaintiff.

63.

Further, by violating the FCRA as described herein above and using unreasonable procedure for data accuracy and integrity, defendants likewise breached their contractual duties.

64.

Plaintiff, as a third party beneficiary of those subscriber contracts, has been harmed by each of the defendant's breaches of those contracts and further asserts the breach of those agreements herein. Those breaches have damaged plaintiff.

## ADDITIONAL ALLEGATIONS

65.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff.

66.

Defendants' false reportings about plaintiff have been a substantial factor in causing her denial of consumer and social participation to which she would have otherwise achieved and other damages.

67.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but

not limited to, out-of-pocket expenses, loss of participation, loss of society, loss of wages and

benefits, loss of advancement opportunities, costs and time in attempting to repair her consumer

reports, pain and suffering, embarrassment, humiliation, aggravation, inconvenience, lost

economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish,

fear of personal and financial safety and security,  attorneys' fees, punitive/exemplary damages,

and court costs, and other assessments proper by law and any and all other applicable federal and

state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF, CATHERINE L. TAYLOR, PRAYS that after all due
proceedings be had there be judgment herein in favor of Plaintiff and against Defendants, The
Source For PublicData, LP d/b/a PublicData.com and IntelliCorp Records, Inc., jointly, severally
and in solido to the maximum possible extent, as follows:

1)  That there be Judgment in favor of Catherine L. Taylor, and against The
Source For PublicData, LP d/b/a PublicData.com and IntelliCorp Records,
Inc., Defendants, jointly, severally and in solido to the maximum possible
extent, for all reasonable damages sustained by Plaintiff including but not
limited to out-of-pocket expenses, loss of participation, loss of society,
loss of wages and benefits, loss of advancement opportunities, costs and
time in attempting to repair her consumer reports, pain and suffering,
embarrassment, humiliation, aggravation, inconvenience, lost economic
opportunity, loss of incidental time, frustration, emotional distress, mental
anguish, fear of personal and financial safety and security,  attorneys' fees,
punitive/exemplary damages, and court costs, and other assessments
proper by law and any and all other applicable federal and state laws,
together with legal interest thereon from date of judicial demand until
paid; and

2)  That this Honorable Court order the consumer reporting agencies-
defendants, The Source For PublicData, LP d/b/a PublicData.com and
IntelliCorp Records, Inc., to correct the consumer report(s), consumer
files, defective matching algorithm, public records databases, data
emanations, and public record histories of and concerning Plaintiff or any

of plaintiff's personal identifiers and cease reporting any and all false
criminal records data defendants have published about plaintiff and to
provide corrective notices to third parties to whom they have supplied any
information.

FURTHER PRAYS for all such additional, general and equitable relief as may be
necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak, LLC**

By:  _____
     **David A. Szwak, La.BR #21157**, TA
     509 Market Street, Suite 730
     United Mercantile Bank Building
     Shreveport, Louisiana 71101
     (318) 424-1400 / 221-6444
     FAX  221-6555
     **Counsel for Plaintiff**