**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

| | |
|---|---|
| **CATHERINE L. TAYLOR**<br><br>**Plaintiff**<br><br>v.<br><br>**THE SOURCE FOR PUBLICDATA, L.P.,** doing business as **PublicData.com** and **INTELLICORP RECORDS, INC.**<br><br>**Defendant** | **Case No. 4:07-cv-00880-WRW** |

**ANSWER**

Separate Defendant The Source for PublicData, L.P., doing business as PublicData.com (hereinafter referred to as "**PublicData**"), for its Answer to the Complaint and Demand for Jury Trial (hereinafter referred to as the "**Complaint**") filed by Plaintiff Catherine L. Taylor (hereinafter referred to as "**Plaintiff**"), states and alleges as follows:

1. In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, PublicData states that it is without knowledge or information sufficient to either admit or deny whether Plaintiff is domiciled in Benton, Saline County, Arkansas and therefore denies the same. PublicData denies that Plaintiff is the victim of false credit reporting committed by PublicData as alleged in paragraph 1 of Plaintiff's Complaint

. 2. In response to the allegations contained in paragraph 2(a) of Plaintiff's Complaint, PublicData states that it is a Limited Partnership organized, existing, and in good standing under the laws of the State of Texas. PublicData regularly transacts business in interstate commerce and is not required to be registered to do business in the State of Arkansas. PublicData denies any and all remaining allegations contained in paragraph 2(a) of Plaintiff's Complaint.

PublicData is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 2(b) of Plaintiff's Complaint and therefore denies the same.

3. PublicData denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The allegations contained in paragraph 4 of plaintiff's Complaint do not require a response from PublicData.

5. In response to the allegations contained in paragraph 5 of Plaintiff's Complaint, PublicData affirmatively states that it has done nothing in connection with this case to warrant an award of punitive damages in favor of Plaintiff. As such, PublicData denies that Plaintiff is entitled to an award of punitive damages against PublicData as alleged in paragraph 5 of Plaintiff's Complaint..

6. In response to the allegations contained in paragraph 6 of Plaintiff's Complaint, PublicData states that it has done nothing in connection with this case to warrant an award of litigation costs and expenses or reasonable attorneys' fees under the Fair Credit Reporting Act or otherwise in favor of Plaintiff. As such, PublicData denies that Plaintiff is entitled to an award of litigation costs and expenses or reasonable attorneys' fees as alleged in paragraph 6 of Plaintiff's Complaint.

7. PublicData is without knowledge or information sufficient to either admit or deny the allegations contained in paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint and therefore denies the same.

8. In response to the allegations contained in paragraph 11 of Plaintiff's Complaint, PublicData denies that it is a consumer reporting agency within the meaning of the Fair Credit Reporting Act.

9.      PublicData denies the allegations contained in paragraphs 12, 13, 14, and 15 of Plaintiff's Complaint. Pleading affirmatively, PublicData states that it did not "publish" a "consumer report" to the Girl Scouts of Ouachita Council relating to Plaintiff.

10.     PublicData is without knowledge or information sufficient to either admit or deny the allegations contained in paragraphs 16, 17, and 18 of Plaintiff's Complaint and therefore denies the same.

11.     PublicData denies the allegations contained in paragraph 19, 20, 21, and 22 of Plaintiff's Complaint.

12.     In response to the allegations contained in paragraphs 23 and 24 of Plaintiff's Complaint, PublicData admits that subscribers to the PublicData database have the ability to search the database based upon criteria selected solely by the subscribers. PublicData denies any and all remaining allegations contained in paragraphs 23 and 24 of Plaintiff's Complaint. Specifically, PublicData denies it is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act. Pleading affirmatively, PublicData states that it is not involved in any way in the selection of the search criteria employed by its subscribers.

13.     PublicData denies the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 30, 31, 32, 33, 34, 35, 36, 37, and 38 of Plaintiff's Complaint. Pleading affirmatively, PublicData states that it in no way represents the accuracy of the information contained in the PublicData database. Pleading further affirmatively, PublicData states that its database merely displays public records of various governmental agencies. Pleading further affirmatively, PublicData states that it in no way manipulates or modifies the public records information contained in its database.

14. In response to the allegations contained in paragraph 39 of Plaintiff's Complaint, PublicData admits that it has a general duty to exercise reasonable care in the operation of its business. PublicData denies any implication contained in paragraph 39 of Plaintiff's Complaint that it failed to exercise reasonable care in the operation of its business. PublicData also denies that it owed any duty whatsoever to Plaintiff.

15. PublicData denies the allegations contained in paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, and 59 of Plaintiff's Complaint.

16. PublicData is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 60 of Plaintiff's Complaint and therefore denies the same.

17. PublicData denies the allegations contained in paragraphs 61, 62, 63, 64, 65, 66, and 67 of Plaintiff's Complaint.

18. PublicData denies any and all allegations contained in Plaintiff's Complaint, including Plaintiff's prayer for relief as set forth in the paragraph beginning with the word "Wherefore," not specifically admitted herein.

19. Pleading affirmatively, PublicData states that it does not publish, disseminate, or otherwise communicate "consumer reports" within the meaning of the Fair Credit Reporting Act.

20. Pleading further affirmatively, PublicData states that it is not a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act.

21. PublicData reserves the right to amend this Answer and plead further in this action following discovery or otherwise in accordance with Rule 15 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Separate Defendant The Source for PublicData, L.P., doing business as PublicData.com, having fully answered, denies that Plaintiff Catherine L. Taylor is entitled to the

relief requested in Plaintiff's Complaint and Demand for Jury Trial, requests that Plaintiff's Complaint and Demand for Jury Trial be dismissed, requests that Plaintiff take nothing thereby, requests that attorneys' fees and costs be assessed against Plaintiff, and requests that it be granted any and all additional relief to which it may be entitled under the allegations hereof and that this Court deems just and proper.

Respectfully submitted this 29th day of January, 2008.

**Burleson, Pate & Gibson**
Attorneys at Law
2414 North Ackard
Dallas, Texas 75201
(214) 871-4900

By: /s/ John E. Collins
John E. Collins (Texas Bar No. 04613000)

- and -

**Rose Law Firm**
A Professional Association
Attorneys at Law
120 East Fourth Street
Little Rock, Arkansas 72201-2893
(501) 375-9131

By: /s/ Michael J. Ptak
Michael J. Ptak (Ark. Bar No. 93213)
Frank H. Falkner (Ark. Bar No. 2004202)

**Attorneys for Separate Defendant The Source for PublicData, L.P., doing business as PublicData.com**

## **CERTIFICATE OF SERVICE**

  I, Michael J. Ptak, do hereby certify that a copy of the foregoing Answer has been served via email transmission and/or United States mail, postage prepaid and properly addressed, upon the following persons:

| | |
|---|---|
| Mr. David Anthony Szwak<br>Attorney at Law<br>United Mercantile Building<br>509 Market Street, Suite 700<br>Shreveport, Louisiana 71101 | Mr. Darby Vincent Doan<br>Attorney at Law<br>P.O. Box 6227<br>Texarkana, Texas 75505-6227 |

on this 29th day of January, 2008.

               /s/ Michael J. Ptak
               Michael J. Ptak