**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

| | | |
|---|---|---|
| CATHERINE L. TAYLOR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-CV-0880-WRW |
| | § | JURY TRIAL DEMANDED |
| THE SOURCE FOR PUBLICDATA, LP | § | |
| D/B/A PUBLICDATA.COM and | § | |
| INTELLICORP RECORDS, INC., | § | |
| Defendant. | § | |

**DEFENDANT INTELLICORP RECORDS, INC.'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant IntelliCorp Records, Inc., for its Original Answer and Affirmative Defenses in response to the Original Complaint ("Complaint") filed by Plaintiff Catherine L. Taylor, respectfully states as follows:

1.   In response to the allegations contained in paragraph 1 of the Complaint, IntelliCorp Records, Inc. ("IntelliCorp") lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that purport to apply to Plaintiff and, on that basis, denies those allegations. IntelliCorp denies the remaining allegations of paragraph 1.

2[a].   In response to the allegations contained in paragraph 2[a] of the Complaint, IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that purport to apply to Defendant The Source for PublicData, LP d/b/a PublicData.com and, on that basis, denies those allegations.

2[b].   In response to the allegations contained in paragraph 2[b] of the Complaint, IntelliCorp admits that it is a foreign corporation and may be served through its President, located at 3000 Auburn Drive, Suite 410, Beachwood, OH 44122.

3.   In response to the allegations contained in paragraph 3 of the Complaint,

IntelliCorp admits that this Court has jurisdiction over the subject matter of this action and that venue is proper in this jurisdiction.  IntelliCorp denies that the matter in controversy exceeds $75,000.00 and denies that Plaintiff is entitled to any relief sought in the Complaint.   IntelliCorp denies the remaining allegations contained in paragraph 3.

4.Paragraph 4 of the Complaint does not require an answer because it does not include any factual allegations.  To the extent an answer is required; IntelliCorp denies the allegations in paragraph 4.

5.IntelliCorp denies the allegations contained in paragraph 5 of the Complaint.

6.IntelliCorp denies the allegations contained in paragraph 6 of the Complaint.

7.IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and, on that basis, denies those allegations.

8.IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and, on that basis, denies those allegations.

9.IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 and, on that basis, denies those allegations.

10.In response to the allegations contained in paragraph 10 of the Complaint, IntelliCorp admits the Girl Scouts of Ouachita Council requested a consumer report regarding Plaintiff.  IntelliCorp denies that the request was made in August 2007.

11.In response to the allegations contained in paragraph 11 of the Complaint, IntelliCorp admits that it is a consumer reporting agency, advertising nationwide, providing

background screening and criminal record reports.

12. In response to the allegations contained in paragraph 12 of the Complaint, IntelliCorp admits that it published a consumer report to Girl Scouts of Ouachita Council. IntelliCorp is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 12.

13. IntelliCorp admits that it received an inquiry and certain identifiers of Plaintiff from the Girl Scouts of Ouachita Council. IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 and, on that basis, denies those allegations.

14. IntelliCorp denies the allegations contained in paragraph 14 of the Complaint.

15. IntelliCorp denies the allegations contained in paragraph 15 of the Complaint.

16. IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and, on that basis, denies those allegations. IntelliCorp denies the remaining allegations in paragraph 16.

17. IntelliCorp denies the allegations contained in paragraph 17 of the Complaint.

18. IntelliCorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and, on that basis, denies those allegations.

19. IntelliCorp denies the allegations contained in paragraph 19 of the Complaint.

20. IntelliCorp denies the allegations contained in paragraph 20 of the Complaint. IntelliCorp further denies that Plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against IntelliCorp.

21. In response to the allegations contained in paragraph 21 of the Complaint,

IntelliCorp admits that it is a consumer reporting agency as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

22. In response to the allegations contained in paragraph 22 of the Complaint, IntelliCorp admits that, as a credit reporting agency, it is in the practice of assembling or compiling consumer credit information or other information on consumers, including Plaintiff, for the purpose of furnishing consumer reports to third parties, as defined by FCRA, 15 U.S.C. § 1681a(f).

23. In response to the allegations contained in paragraph 23 of the Complaint, IntelliCorp admits that it furnishes consumer reports to its subscribers based upon information it receives from its subscribers. IntelliCorp denies the remaining allegations contained in paragraph 23.

24. In response to the allegations contained in paragraph 24 of the Complaint, IntelliCorp admits that it furnishes consumer reports to its subscribers and that the consumer reports are compiled from information owned or otherwise available to IntelliCorp. IntelliCorp further admits that the FCRA provides certain duties to consumers and places certain duties on consumers. IntelliCorp denies the remaining allegations contained in paragraph 24.

25. IntelliCorp denies the allegations contained in paragraph 25 of the Complaint.

26. IntelliCorp denies the allegations contained in paragraph 26 of the Complaint.

27. IntelliCorp denies the allegations contained in paragraph 27 of the Complaint.

28. IntelliCorp denies the allegations contained in paragraph 28 of the Complaint.

29. IntelliCorp denies the allegations contained in paragraph 29 of the Complaint.

30[1st]. IntelliCorp denies the allegations contained in the first paragraph 30 of the Complaint.

30[2nd]. IntelliCorp denies the allegations contained in the second paragraph 30 of the Complaint.

31. IntelliCorp denies the allegations contained in paragraph 31 of the Complaint.

32. IntelliCorp denies the allegations contained in paragraph 32 of the Complaint.

33. IntelliCorp denies the allegations contained in paragraph 33 of the Complaint.

34. IntelliCorp denies the allegations contained in paragraph 34 of the Complaint.

35. IntelliCorp denies the allegations contained in paragraph 35 of the Complaint.

36. IntelliCorp denies the allegations contained in paragraph 36 of the Complaint.

37. IntelliCorp denies the allegations contained in paragraph 37 of the Complaint.

38. IntelliCorp denies the allegations contained in paragraph 38 of the Complaint.

39. In response to the allegations contained in paragraph 39 of the Complaint, IntelliCorp admits that the FCRA provides certain duties to consumers and places certain duties on consumers.  IntelliCorp denies the remaining allegations contained in paragraph 39.

40. IntelliCorp denies the allegations contained in paragraph 40 of the Complaint.

41. IntelliCorp denies the allegations contained in paragraph 41 of the Complaint.

42. IntelliCorp denies the allegations contained in paragraph 42 of the Complaint.

43. IntelliCorp denies the allegations contained in paragraph 43 of the Complaint.

44. IntelliCorp denies the allegations contained in paragraph 44 of the Complaint.

45. IntelliCorp denies the allegations contained in paragraph 45 of the Complaint.

46. IntelliCorp denies the allegations contained in paragraph 46 of the Complaint.

47. IntelliCorp denies the allegations contained in paragraph 47 of the Complaint.

48. IntelliCorp denies the allegations contained in paragraph 48 of the Complaint.

49. IntelliCorp denies the allegations contained in paragraph 49 of the Complaint.

50. IntelliCorp denies the allegations contained in paragraph 50 of the Complaint.

51. IntelliCorp denies the allegations contained in paragraph 51 of the Complaint.

52. IntelliCorp denies the allegations contained in paragraph 52 of the Complaint.

53. IntelliCorp denies the allegations contained in paragraph 53 of the Complaint.

54. IntelliCorp denies the allegations contained in paragraph 54 of the Complaint.

55. IntelliCorp denies the allegations contained in paragraph 55 of the Complaint.

56. In response to the allegations contained in paragraph 56 of the Complaint, IntelliCorp admits that it compiles, prepares and publishes consumer reports for employment purposes, which contain public record information. IntelliCorp further admits that it compiled a consumer report containing public information at the request of the Girl Scouts of Ouachita Council. IntelliCorp denies any remaining allegations contained in paragraph 56.

57. In response to the allegations contained in paragraph 57 of the Complaint, IntelliCorp admits that the FCRA imposes certain obligations and duties and that IntelliCorp complied with such duties and obligations with respect to Plaintiff. IntelliCorp denies any remaining allegations contained in paragraph 57.

58. In response to the allegations contained in paragraph 58 of the Complaint, IntelliCorp admits that the FCRA imposes certain obligations and duties and that IntelliCorp complied with such duties and obligations with respect to Plaintiff. IntelliCorp denies any remaining allegations contained in paragraph 58.

59. IntelliCorp denies the allegations contained in paragraph 59 of the Complaint.

60. In response to the allegations contained in paragraph 60 of the Complaint, IntelliCorp admits that it maintains a contract with the Girl Scouts of Ouachita Council and other users and consumer report inquirers.

61. IntelliCorp admits that it provides consumer reports, governed by the Fair Credit Reporting Act, to its customers. IntelliCorp denies the remaining allegations contained in paragraph 61 of the Complaint.

62. IntelliCorp denies the allegations contained in paragraph 62 of the Complaint.

63. IntelliCorp denies the allegations contained in paragraph 63 of the Complaint.

64. IntelliCorp denies the allegations contained in paragraph 64 of the Complaint.

65. IntelliCorp denies the allegations contained in paragraph 65 of the Complaint.

66. IntelliCorp denies the allegations contained in paragraph 66 of the Complaint.

67. IntelliCorp denies the allegations contained in paragraph 67 of the Complaint.

68. In response to the allegations contained in the unnumbered paragraph beginning with "Wherefore" and each of its subparts, IntelliCorp denies that Plaintiff is entitled to any relief sought in the Complaint. IntelliCorp denies the remaining allegations of this unnumbered paragraph and each of its subparts.

69. In response to the allegations contained in the unnumbered paragraph beginning with "Further," IntelliCorp denies that Plaintiff is entitled to any relief sought in the Complaint. IntelliCorp denies the remaining allegations of this unnumbered paragraph.

70. IntelliCorp denies each and every allegation contained in the Complaint not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

In addition to the responses to the individual paragraphs above, IntelliCorp pleads the following affirmative defenses:

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. IntelliCorp complied with the provisions of the FCRA, 15 U.S.C. §§ 1681, *et seq*., in its handling of the consumer report it provided the Girl Scouts of Ouachita Council, and, accordingly, IntelliCorp is entitled to each and every defense and limitation of liability provided by the FCRA.

3. IntelliCorp neither willfully nor maliciously published any defamatory information with respect to Plaintiff's consumer report.

4. At all relevant times, IntelliCorp acted in good faith and without malice or intent to injure Plaintiff.

5. Plaintiff failed to act reasonably to mitigate the damages she alleges in her Complaint.

6. Certain claims made by Plaintiff against IntelliCorp are barred by the provisions of FCRA 15 U.S.C. § 1681h (e).

7. IntelliCorp asserts that the injuries and damages allegedly sustained by Plaintiff were directly and proximately caused by the acts of others or resulted from an intervening or superseding proximate cause.

8. At all pertinent times, IntelliCorp maintained reasonable procedures to assure the maximum possible accuracy in its consumer reports.

9. The Complaint is barred by the negligence or fault of others and Plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

10. IntelliCorp pleads that any claims for punitive damages violate IntelliCorp's right to due process of law under the United States Constitution.

          Respectfully submitted,

          /s/ Darby V. Doan
          Darby V. Doan
          Arkansas Bar No. 96064
          HALTOM & DOAN
          6500 Summerhill Rd., Ste. 100
          P. O. Box 6227
          Texarkana, Texas 75505-6227
          (903) 225-1000 telephone
          (903) 255-0800 facsimile
          ddoan@haltomdoan.com

          ATTORNEYS FOR DEFENDANT
          IntelliCorp Records, Inc.

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was served on all counsel of record via email by CM/ECF on this the 29th day of January 2008.

David A. Szwak
Bodenheimer, Jones & Szwak, LLC
509 Market Street, Suite 730
United Mercantile Bank Building
Shreveport, LA  71101

Counsel for Plaintiff

Frank H. Falkner
Michael J. Ptak
Rose Law Firm
A Professional Association
120 East Fourth Street
Little Rock, AR  72201-2893

Counsel for The Source For PublicData, LP

          /s/ Darby V. Doan